# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| KELLEN JACQUIN, | ) |
| | ) |
| KRISTEN SPARKS, | ) |
| | ) |
| and | ) |
| | ) |
| GREGORY WATERS, on behalf of themselves and all others similarly situated, | ) ) ) |
| | ) |
| Plaintiffs, | ) Case No. 4:20-cv-00467-SNLJ |
| | ) |
| vs. | ) |
| | ) |
| NESTLE PURINA PETCARE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND

Plaintiffs Kellen Jacquin, Kristen Sparks, and Gregory Waters ("Plaintiffs") move to remand this action to the Circuit Court of the City of St. Louis County, 22nd Judicial Circuit, State of Missouri. In support of their motion, Plaintiffs state as follows:

## INTRODUCTION

This is a class action by Plaintiffs, Missouri citizens, against Defendant Nestle Purina Petcare Company ("Defendant" or "Purina"), a Missouri Corporation. Plaintiffs bring this action on their own behalf and as representatives of a class of persons consisting of all Missouri citizens who purchased the Purina Products at issue for personal, family, or household purposes. Exhibit A, *First Amended Petition* ("FAP"), ¶ 1. Purina marketed, advertised, and sold the Products as safe and without risk to animals. Exhibit A, FAP ¶ 4. Plaintiffs allege that the Products contain

glyphosate, a known carcinogen in animals, and do in fact carry significant health risks.  Exhibit A, FAP ¶ 6.

Plaintiffs are seeking to recover damages for violations of the Missouri Merchandising Practices Act ("MMPA") against Purina, which tested, marketed, distributed, promoted, and sold the Purina Products at issue.  Exhibit A, FAP ¶ 3.  Purina misrepresented, and/or concealed, suppressed, or omitted material facts in connection with the sale, distribution, and/or advertisement of the Purina Products.  Exhibit A, FAP ¶ 8.  Plaintiffs' only cause of action arises under Missouri law.

Defendant removed the case from the Circuit Court of the City of St. Louis County to the U.S. District Court for the Eastern District of Missouri on April 1, 2020.  Defendant asserts original jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA").  CAFA authorizes removal if, *inter alia*, minimal diversity exists and the amount in controversy exceeds $5 million in the aggregate, provided no exception applies.

Purina's Notice of Removal does not address Plaintiffs' First Amended Petition ("FAP") that was filed in state court before removal.  Exhibit A.  Purina's arguments that removal is proper are based on the allegations made in Plaintiffs' original Petition.  Notice of Removal at ¶ 1 citing original Petition.  Because the FAP was filed in state court prior to removal, this Court must consider Plaintiffs' FAP in determining whether it has jurisdiction under the CAFA.

This Court should remand this case to the Circuit Court of the City St. Louis County because Purina fails to establish federal subject matter jurisdiction under the CAFA.  Notwithstanding Defendant's failure to meet the requirements for jurisdiction required under the CAFA, both the home state exception and local controversy exception to the CAFA would still require remand to state court.

## GOVERNING STANDARDS

A federal district court must have original jurisdiction over a removed case.  28 U.S.C. § 1441(a).  The removal statutes are to be strictly construed and all doubts are to be resolved against removal.  *See* 14A Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3721, at 216-17, n.88, 89 (1987) (collecting cases); *see also Transit Cas., Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).  Since a plaintiff's right to choose his or her forum takes precedence over a defendant's right to remove, "uncertainties are resolved in favor of remand."  16 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 107.05, at 107-25 (3d ed. 1997) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 10407 (1941)).  The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction.  *In re Business Men's Assurance Co. of America,* 992 F.2d 181, 183 (8th Cir. 1993).  The enactment of CAFA did not alter this proposition; "the party attempting to remove [a CAFA action] bears the burden of establishing subject matter jurisdiction."  *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009); *State ex rel. Nixon v. Nextel West*, 248 F.Supp.2d 885, 888 (E.D. Mo. 2003).

The removal statute states two initial requirements for a civil action to be removed – the Court must have original jurisdiction and Congress must not have created a legislative exception.  28 U.S.C. § 1441(a) ("Except as otherwise provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant[.]").  If a civil action includes a claim that does not meet one of these requirements (*i.e.*, the Court does not have original jurisdiction over it or it has been made

nonremovable by statute), then there is no removal jurisdiction and the claim must be remanded. *Id.*

In determining whether removal was proper, the Court must look to the Plaintiff's pleadings at the time of removal. *Pullman Co. v. Jenkins,* 305 U.S. 534, 537–38, 59 S.Ct. 347, 83 L.Ed. 334 (1939). The basis for federal jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint. *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).

## ARGUMENT

**I.    PLAINTIFFS' FIRST AMENDED PETITION IS THE CONTROLLING PETITION FOR PURPOSES OF REMOVAL**

Purina's Notice of Removal does not address Plaintiffs' FAP that was filed in state court before removal. Purina's claims that this Court has jurisdiction improperly refer to the allegations made in the original Petition. Notice of Removal at ¶ 1 citing original Petition. But Plaintiffs' FAP is the operative one because removal is not effective until a defendant has taken all the steps required by 28 U.S.C. § 1446(d), including filing a notice of the removal in state court. Because the FAP was filed in state court prior to the state court receiving notice of removal, the state court had jurisdiction to accept the FAP and it is the controlling petition for purposes of removal. This Court is bound to consider it. As a result, this Court cannot consider the basis for any of Purina's arguments for removal that no longer have any legal effect.

Removal is effected by a three-step process that requires (1) filing of a notice of removal, (2) written notice of the filing to all adverse parties, and (3) filing of a copy of the notice of removal with the state court where the case was originally filed. 28 U.S.C. § 1446(d); *Simpson v. Energy Petroleum Co.*, 2017 WL 4923574 (E.D. Mo. 2017). As to the final step, the statute expressly states: "[The defendant] shall file a copy of the notice with the clerk of such State

court, ***which shall effect the removal*** and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added). The Eighth Circuit has held that the "only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time." *Anthony v. Runyon*, 76 F.3d 210, 214 (8th Cir. 1996).

In *Anthony*, the U.S. Court of Appeals for the Eighth Circuit addressed the issue of whether a district court should consider an amended petition that was filed in state court after the defendant had already filed a notice of removal in federal district court. 76 F.3d at 213. The *Anthony* plaintiffs filed their amended petition in state court after the defendant filed a notice of removal in federal court but before the defendant filed a copy of the notice with the state court. *Id.* The court of appeals held that the district court should have considered the amended petition, stating "removal is effected when the notice of removal is filed with the state court." *Id.* at 214. The Eight Circuit held that:

> Although we have never addressed this issue (perhaps we never had occasion to do so because the statute was clear to litigants), we think that the removal statute leaves little room for creative interpretation. The only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time. Therefore, the amended complaint was properly before the district court, and we find that the district court erred in refusing to consider it.

*Id.* at 214.

In *Simpson v. Energy Petroleum Co*, the Eastern District of Missouri relied on *Anthony* in holding that state courts maintain jurisdiction to accept an amended petition before the state court received notice of removal. 2017 WL 4923574, *2. In *Simpson*, the plaintiff obtained an order from the state court dismissing his federal claim and amending his petition before the state court received notice of removal. The defendants contended that plaintiff's dismissal of his

5

federal claim was void because the state court lost jurisdiction upon the filing of the Notice of Removal in federal court. In granting plaintiff's motion to remand, this Court held that the defendants' argument was incorrect. Citing *Anthony*, this Court held that the state court had jurisdiction until the state court received notice of removal and the dismissal of the federal claim and subsequent amendment of the petition were valid. *Id.* Consequently, as of the time of effective removal, the plaintiff's amended petition only asserted the remaining state law claims. *Id.*

Here, Plaintiffs filed their FAP in state court before Defendant provided written notice of the filing of removal to Plaintiffs' counsel, and before Defendant filed a copy of the Notice of Removal with the state court. Plaintiffs filed their FAP in state court at 3:54 PM on April 1, 2020. Exhibit A.[1] Defendant filed the Notice of Removal in federal court on April 1, 2020, but it is not clear from the Court's Electronic Filing System the exact time of the filing. Notice of Removal. Defendant's counsel provided written notice of the filing to Plaintiffs' counsel at 4:26 PM on April 1, 2020. Exhibit B. Defendant filed the Notice to Circuit Clerk of Removal of Civil Action and the Notice of Removal in state court at 4:29 PM on April 1, 2020. Exhibit C; Exhibit D.

*Anthony* controls here. Under its holding, the Circuit Court of the City of St. Louis County retained jurisdiction of the case and removal was not effected until the notice of removal was filed in state court. Plaintiffs' FAP was clearly filed before Defendant filed the notice of removal in state court. Filings in the state court in the interim between filing the notice of removal and filing the notice with the clerk in state court are valid. 16 Moore's Federal Practice

---

[1] Plaintiffs' First Amended Petition was properly filed pursuant to Missouri Supreme Court Rule 55.33(a), which allows for the amendment of pleadings without leave once before a responsive pleading has been served.

§ 107.140[2][b]; *see Anthony*, 76 F.3d at 214; *Simpson*, 2017 WL 4923574, *2.  Therefore, Plaintiffs' FAP is properly before this Court in determining whether Plaintiffs' Motion to Remand should be granted.

Purina's arguments for removal that are based on Plaintiffs' original Petition no longer have any legal effect.  Notice of Removal at ¶¶ 11-17, citing original Petition.  "It is well established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."  *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000); *Thomas v. United Steelworkers*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("When a plaintiff files an amended complaint, the original complaint is superseded and has no legal effect.").  In light of this legal principle, this Court must consider Plaintiffs' FAP in determining whether it has jurisdiction under the CAFA.

## II. PURINA FAILED TO PROVE SUBJECT MATTER JURISDICTION UNDER CAFA

Purina failed to prove subject matter jurisdiction under CAFA.  First, minimal diversity jurisdiction does not exist in Plaintiff's FAP and the action must be remanded.   Purina's Notice of Removal is based on the original Petition that was filed in state court.  Notice of Removal at ¶ 1 citing original Petition.  The allegations in Plaintiffs' FAP that was filed before removal make clear that Purina's minimal diversity analysis is incorrect.  Second, Purina's Notice of Removal fails to demonstrate that the amount in controversy exceeds $5 million.

### A. Purina's Minimal Diversity Analysis is Incorrect

This Court must remand this cause of action to the Circuit Court of the City of St. Louis because removal was improper under § 1332(d)(2)(A).  CAFA requires minimal diversity between any class member and any class defendant.  28 U.S.C. § 1446(d); *see also Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).  Here, Purina's entire minimal

7

diversity analysis is incorrect, as Purina attempts to use the putative class definition from Plaintiffs' original Petition to prove minimal diversity. Notice of Removal at ¶ 14. But it is clear from Plaintiffs' FAP that there is no diversity between any class member and Purina.

As discussed above, the proper minimal diversity analysis under CAFA here would only include the allegations in Plaintiffs' FAP. *See* Section I., *supra*. Plaintiffs Kellen Jacquin, Kristen Sparks, and Gregory Waters are citizens of the State of Missouri. Exhibit A, FAP ¶ 9-11. Purina is a corporation organized under the laws of Missouri with its principal place of business in St. Louis, Missouri. *Id.* at ¶ 12; Notice of Removal at ¶ 13. Purina admits it is a citizen of Missouri. *Id.* And the putative class, composed of ***citizens*** of Missouri, is by definition limited to citizens of the state of Missouri. *Id.* at ¶ 87 ("All Missouri citizens who, within the five years preceding the filing of this Petition, purchased the Purina Products for personal, family, or household use.").[2]

---

[2] Purina claims that on the face of Plaintiffs' original Petition, there is a reasonable probability that the putative class of "residents" includes both citizens and non-citizens of Missouri, thereby satisfying the minimal diversity requirements of CAFA. Notice of Removal ¶ 17. Again, Plaintiffs' original Petition no longer has any legal effect. *See* Section 1., *supra*. Regardless, it is a well-settled principle in every Federal Circuit that residence is prima facie evidence of citizenship. *Cooper v. Newell*, 15 S.Ct. 355, 356 (1895). The allegation that an individual is a resident of a particular state creates a presumption of continuing residence in that state and puts the burden of coming forward with contrary evidence on the party seeking to prove otherwise. *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 519 (10th Cir. 1994). *See also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986). And Purina fails to submit any evidence that at least one class member is both a Missouri resident and a non-Missouri citizen. Moreover, Purina relies entirely on a Massachusetts District Court case to argue that minimal diversity exists. Notice of Removal ¶ 17. That case, *McMorris v. TJX Cos.*, 493 F. Supp. 2d 158 (D.Mass. 2007), does not support Purina's argument for removal. In *McMorris*, the plaintiff was attempting to remand to state court in order to avoid multi-district litigation that was already pending in the District Court. Here, there is no pending litigation in any district court relating to Plaintiffs' allegations in this case. As such, removal of this case in no way promotes the judicial economy outlined in *McMorris*. But the fact that Plaintiffs' FAP is the controlling Petition for purposes of removal, renders Purina's arguments based on the class definition in the original Petition moot.

Moreover, Plaintiffs make numerous allegations throughout the FAP further demonstrating that there is no minimal diversity.  In Paragraph 1 of the FAP, Plaintiffs state that they bring this action "on their own behalf and as representatives of a class of persons consisting of all ***Missouri citizens*** who purchased Purina Products for personal, family, or household purposes."  Exhibit A, FAP at ¶ 1 (emphasis added).  Plaintiffs use the same language to define the class they seek to represent, defining the class as "Missouri citizens." *Id.* at ¶ 87.  Section 1332(d)(2) specifies that minimal diversity is assessed by examining "any member of the class."  Section 1332(d)(1)(D) specifically defines "class members" as those who fall within the definition of the proposed or certified class in a class action.  Plaintiffs' allegations in the FAP, including their proposed class definition, make clear that there is no minimal diversity between any class member and Defendant.

Because there is undoubtedly no minimal diversity, Purina cannot invoke subject matter jurisdiction under CAFA.  Thus, this Court should grant Plaintiffs' Motion and remand the action to state court.

### B. Purina Fails to Demonstrate That the Amount in Controversy Exceeds $5 Million

Defendant's assertion that more than $5 million is at stake is entirely speculative.  Purina fails to assert any facts supporting its claim.  As such, there is no evidence before this Court on which to accept jurisdiction on the amount in controversy.  Defendant has thus failed to carry its burden.

Purina bears the burden of establishing federal subject matter jurisdiction as the removing party.  *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017); *see also Westerfield,* 621 F.3d at 822.  When the amount in controversy is contested, the party seeking removal must prove the amount in controversy is met by a preponderance of the evidence.

9

*Waters,* 873 F.3d at 636. Under CAFA, Purina must show that the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d). Purina has failed to meet its burden.

A defendant seeking removal must use specific, factual allegations along with reasonable deductions, reasonable inferences, and other reasonable extrapolations. *Waters*, 873 F.3d at 636 *citing Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 753–54 (11th Cir. 2010). If the court must resort to "conjecture, speculation, or star gazing," the removing party has not met its burden. *Waters,* 873 F.3d at 636 *citing Pretka*, 608 F.3d at 754.

Purina's sole evidence for the amount of actual damages is a representation that the total revenue derived from the sale of the challenged products during the class period exceeds $5 million. Notice of Removal, ¶ 22. Purina's Notice of Removal contains a wholly specious, conclusive paragraph that during the calendar years for each year from 2015 to present, "Purina's gross revenue from the sale of the challenged products in the State of Missouri has been more than $5,000,000." *Id.* But Purina fails to assert any sales data or facts supporting its claims. Indeed, Purina does not provide any evidentiary support for its claims that the amount in controversy exceeds the jurisdictional requirement.

Purina provided no factual support or evidence that is sufficient to prove that a verdict in Plaintiff's favor reasonably may exceed the jurisdictional minimum. It is all based on assumptions and speculation. An assumption is never sufficient to satisfy a party's burden of proving federal jurisdiction. *See Hill v. Ford Motor Co.*, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004) ("Speculation and belief…are insufficient to meet the defendant's burden of proof under both the 'preponderance of evidence' and the 'legal certainty' standard."). "Although the Court can speculate that the value of [the claims exceeds $5 million]," and indeed it would have to make a number of assumptions, "such speculation hardly meets the standard of 'preponderance of the evidence.'" *Accord Commercial Coverage, Inc. v. Paradigm Ins. Co.*, 998 F.Supp. 1088,

10

1092 (E.D. Mo. 1998). Until such time as Purina produces evidence that $5 million is at stake, Plaintiffs can offer no further response.

Purina's self-serving statements in its Notice of Removal are wholly inadequate to meet its burden of proof in establishing the amount in controversy as required under CAFA. Purina has failed to meet its burden to prove the amount in controversy. Therefore, this court must remand this case to state court.

### III. THE HOME STATE EXCEPTION REQUIRES REMAND

Notwithstanding Defendant's failure to meet the requirements for jurisdiction required under the CAFA as explained in Section II., above, the home state exception would still require remand to state court.

Plaintiffs bear the burden of proving that the home state exception applies. *Barricks v. Barnes-Jewish Hosp.*, No. 4:11-CV-1386-CEJ, 2012 WL 1230750, at *2 (E.D. Mo. Apr. 12, 2012). The home state exception to CAFA requires remand when: "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B); *see also Barricks*, 2012 WL 1230750 at *2.

The first requirement, that two-thirds or more of the members of the plaintiff class are citizens of Missouri, is undisputedly met. Again, Plaintiffs' FAP defines the class as: "All Missouri citizens who, within the five years preceding the filing of this Petition, purchased the Purina Products for personal, family, or household use." Exhibit A, FAP ¶ 87. By definition, all class members must be citizens of Missouri to be eligible for the class. Plaintiff's FAP explicitly limits the class to *only* Missouri citizens. *Id.*; *see also Id.* at ¶¶ 1, 9-11. Therefore, all

class members are necessarily citizens of Missouri, exceeding the two-thirds requirement of the home state exception.

The Eighth Circuit has recognized a plaintiff's ability to define a class as including only "citizens" of a particular State in order to satisfy the "greater than two-thirds" requirement of the local controversy exception and the "two-thirds or more" requirement of the home-state exception. *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 266 (8th Cir. 2015) (citing *In re Sprint Nextel Corp.*, 593 F.3d 669, 674 (7th Cir. 2010)).[3] Here, by carefully limiting the class to *only Missouri citizens*, Plaintiffs have carried their burden with respect to this element of the home-state exception. *Hood*, 785 F.3d at 266. Plaintiffs have the power to limit their complaints, including the class definition in class actions. Thus, Plaintiffs' class definition is proper and ensures that at least two-thirds of the Plaintiff class are citizens of the State of Missouri. Exhibit A, FAP ¶¶ 1, 9-11, 87.

---

[3] *In re Sprint Nextel Corp.* concerned a class action wherein the class asserted violations of the Kansas Unfair Trade and Consumer Protection Act against Sprint. *In re Sprint Nextel Corp.*, 593 F.3d at 671. The class was composed of "'all Kansas residents' who purchased text messaging from Sprint Nextel or one of its alleged coconspirators between January 2005 and October 2008, when the suit was initiated." *Id*. Sprint removed the case and the district court declined to exercise jurisdiction because of the home state exception. *Id*. Sprint objected that the plaintiffs did not meet their burden of proving that at least two-thirds of the class were citizens of Kansas by simply having their definition require a class member to be a resident of Kansas. *Id* at 673. The district court and the Seventh Circuit disagreed, finding that "plaintiffs are free to 'circumscribe their class definitions' so that they can fit within one of those exceptions and avoid federal jurisdiction." *Id*; *see also Johnson v. Advance Am.,* 549 F.3d 932, 937 (4th Cir. 2008) (finding that plaintiffs, as the masters of the complaint, can choose to narrowly construe their class definition to meet the home state exception). Moreover, the Seventh Circuit explicitly stated that if the plaintiffs had limited the class to "Kansas citizens," no evidence would be needed to establish that the two-thirds of the class are citizens of the state where the action is brought. *In re Sprint Nextel Corp.*, 593 F.3d at 676; *see also Gallagher v. Johnson & Johnson Consumer Companies, Inc.,* 169 F. Supp. 3d 598, 611 (D.N.J. 2016) (finding that by making the New Jersey citizenship a prerequisite for class membership, plaintiffs had proven that the class consisted of at least two-thirds citizens of New Jersey and further documented proof was not required).

Purina is the *only defendant* named in Plaintiffs' cause of action and is a citizen of Missouri. Purina admits in its Notice of Removal that is place of incorporation and principal place of business is in St. Louis, Missouri. Notice of Removal, ¶ 13. And Purina admits it is a citizen of Missouri. *Id.* Thus, the second requirement of the home state exception is also undisputedly met.

The home state exception is not discretionary and therefore requires remand when its requirements are met. 28 U.S.C. § 1332(d)(4)(B) (stating that a district court "shall decline" jurisdiction); *see also Westerfield*, 621 F.3d at 822 ("Congress established two mandatory exceptions to federal jurisdiction under CAFA"); *Baker v. Ocean 18 LLC*, 2019 WL 5079397, at *4 (W.D. Mo. Oct. 10, 2019) ("the home-state exception would require this Court to decline to exercise CAFA jurisdiction"); *Curtiz v. Waggin' Train, LLC*, No. 13-0252-CV-W.ODS, 2013 WL 2319358, at *3 (W.D. Mo. May 28, 2013) ("the case must be remanded because Plaintiff has satisfied her burden of demonstrating that [the home state] exception exists"). As such, this Court must decline jurisdiction and remand this case.

## IV.    THE LOCAL CONTROVERSY EXCEPTION REQUIRES REMAND

Notwithstanding Defendant's failure to meet the requirements for jurisdiction required under the CAFA as explained in Section II., above, the local controversy exception also requires remand to state court.

The local controversy exception requires a district court to decline jurisdiction when: 1) greater than two-thirds of the members of the class are citizens of the state where the action was brought; 2) at least one significant defendant is a citizen of the state where the action was brought; 3) either the injuries or any related conduct of the defendant(s) transpired in the state where the action was brought; and 4) no other class action alleging similar factual allegations

13

was filed in the last three years.  28 U.S.C. § 1332(d)(4)(A); *see also Westerfield*, 621 F.3d at 822.  The plaintiff bears the burden of proving the local controversy exception by preponderance of the evidence.  *Id.* at 823; *see also Hood*, 785 F.3d at 265; *McAllister v. St. Louis Rams, LLC*, No. 4:16-CV-172-SNLJ, 2018 WL 827968, at *2 (E.D. Mo. Feb. 12, 2018) (Limbaugh, S.).

As proven above, the first two requirements of the local controversy exception are met.  By definition, the Plaintiff class consists only of Missouri citizens and therefore at least two-thirds of the Plaintiff class are citizens of Missouri, the state where the action was brought.  Exhibit A, FAP, ¶¶ 1, 9-11, 87.  Purina admits it is a citizen of Missouri.  Notice of Removal, ¶ 13.  Further, Purina is the only defendant in the class action claim and therefore is a significant defendant.  *See* Exhibit A, FAP, ¶ 12.

The third element mandates that the injuries or related conduct of Purina transpired in Missouri.  Plaintiffs' FAP alleges that Plaintiffs' injuries and Purina's conduct, including its marketing, distribution, sale, and delivery of the Products, which were sold to Plaintiffs in the State of Missouri, all took place in Missouri.  Exhibit A, FAP, ¶¶ 13-15, 90, 107.  Thus, the third element of the local controversy is undisputedly met.

The fourth element requires that no class action alleging similar factual allegations has been filed in the last three years.  Because Plaintiffs have never filed a previous lawsuit against Purina, and are unaware of any other similar proceedings in the preceding three-year period, the fourth element is satisfied.  A Westlaw search containing the search terms "Nestle Purina Petcare" and "class action" and "glyphosate" did not find any other litigation relating to any similar proceeding.  A similar search on Pacer and Missouri CaseNet (between the years 2017-2020) returned no search results.  In addition, Purina does not allege in its Notice of Removal that any other litigation is pending or was pending during the preceding three-year period.

14

The local controversy exception is not discretionary and therefore requires remand when its requirements are met.  28 U.S.C. § 1332(d)(4)(A) (stating that a district court "shall decline" jurisdiction); *see also Westerfeld*, 621 F.3d at 822 ("Congress established two mandatory exceptions to federal jurisdiction under CAFA"); *Baker*, 2019 WL 5079397, at *4 ("the local controversy exception…would require this Court to decline to exercise CAFA jurisdiction"); *Johnson v. MFA Petroleum Co.*, No. 11-0981-CV-W-DGK, 2013 WL 3448075, at *2 (W.D. Mo. July 9, 2013).  Since all four elements of the local controversy exception to CAFA are met, the Court must decline jurisdiction and remand this matter to state court.

## **CONCLUSION**

For the foregoing reasons, the District Court should remand this action to the Circuit Court of the City of St. Louis County, 22st Judicial Circuit, State of Missouri, due to Defendant's failure to establish federal subject matter jurisdiction under the CAFA, and because both the home state and local controversy exceptions to the CAFA require remand to state court.

Respectfully submitted,

Orlowsky Law, LLC


/s/ Daniel J. Orlowsky_____
Daniel J. Orlowsky, #57387MO
7777 Bonhomme, Suite 1910
St. Louis, Missouri 63105
Phone:  (314) 725-5151
Fax:  (314) 455-7375
dan@orlowskylaw.com

Attorney for Plaintiff

        Goffstein Law, LLC

        /s/ Adam M. Goffstein
        Adam M. Goffstein, #45611MO
        7777 Bonhomme, Suite 1910
        St. Louis, Missouri 63105
        Phone:  (314) 725-5151
        Fax:  (314) 455-7278
        adam@goffsteinlaw.com

        Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of April, 2020, I electronically filed the foregoing Memorandum in Support of Plaintiff's Motion to Remand with the Clerk of the Court using the CM/ECF system, and have served via electronic mail and U.S. mail, first class, postage prepaid to the following:

Booker T. Shaw
Amanda J. Hettinger
Kristin E. Sanocki
Thompson Coburn, LLP
One U.S. Bank Plaza, Suite 2700
St. Louis, Missouri  63101
bshaw@thompsoncoburn.com
ahettinger@thompsoncoburn.com
Ksanocki@thompsoncoburn.com

And

Keri E. Borders
Dale J. Giali
Mayer Brown
350 South Grand Avenue, 25th Floor
Los Angeles, CA  90071
kborders@mayerbrown.com
dgiali@mayerbrown.com

Attorneys for Defendant

        /s/Daniel J. Orlowsky

16