UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **KELLEN JACQUIN, KRISTEN SPARKS,** <br> **and GREGORY WATERS, on behalf of** <br> **themselves and all others similarly situated** <br><br> **Plaintiffs,** <br><br> v. <br><br> **NESTLE PURINA PETCARE** <br> **COMPANY,** <br><br> **Defendant.** | Case No. 4:20-cv-00467-SNLJ |

### MEMORANDUM AND ORDER

This case is before the Court on plaintiff's motion to remand, (ECF 12). The case began in state court alleging Purina violated the Missouri Merchandising Practices Act (MMPA), §§ 407.010 *et seq.*, when it falsely represented that its pet food products are safe and without risk to animals despite their products containing "alarming amounts" of glyphosate. Plaintiffs, who seek to represent a class of similarly situated pet owners, say they purchased Purina's products in Missouri without knowing the products contained harmful substances such as glyphosate; instead, they say they trusted the "Purina Promise" that its products are tested, safe, and come from quality sources.

Purina removed the case to this Court on April 1, 2020, pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Plaintiffs' motion seeks to remand the case back to state court for a number of reasons, but the controlling issue is the timeliness of plaintiffs' amended complaint.

Plaintiffs say the Court "is bound to consider" their amended complaint because it "was filed in state court prior to the state court receiving notice of removal." Purina, meanwhile, points out that "[p]laintiffs … did not file *and* serve the sham [amended complaint] on Purina *prior* to Purina filing its notice of removal with the state court." (Emphasis in original). Purina suggests this is a classic "race to the courthouse" tactic designed to correct a "fatal" flaw in plaintiffs' original complaint.

At least for purposes of removal, the amended complaint apparently makes only one substantive change: it replaces the phrase "Missouri residents" with the phrase "Missouri citizens." It does this because the Eighth Circuit has long recognized the term "citizen" means something different from the term "resident" in applying the diversity requirement of 28 U.S.C. §§ 1332(a) and 1332(d)(2). *See Hargett v. RevClaims, LLC.*, 854 F.3d 962, 965 (8th Cir. 2017); *see also Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1084 (8th Cir. 2017) ("'[D]omicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another."). In other words, the statute requires citizenship rather than residency.

The parties agree the issue of diversity hinges on the efficacy of the amended complaint. Purina's Notice of Removal acknowledges that the named plaintiffs are citizens of Missouri and that it is a Missouri corporation with its principal place of business in Missouri. But Purina claims that the putative class, originally composed of "residents of Missouri," defeats diversity because *residents* may not be *citizens*. According to Eighth Circuit law, the only way to ensure a class is "predominately local" for purpose of diversity is to "defin[e] the class as *local citizens.*" Otherwise "sound

2

evidence" must be presented interpreting the class's "residency" beyond what is offered on the face of the complaint itself. *Hargett*, 854 F.3d at 966 (emphasis added). Further, as the Eighth Circuit makes clear, it is impermissible to simply "redefine the class as only local citizens" following removal in order to cure diversity-related defects in plaintiffs' complaint. *Id*. at 967.

Here, the state court's docket sheet reveals that the original complaint was filed on March 2, 2020, representing a class of "Missouri residents." The Petition was served via special process server on March 4, 2020. Then on April 1, 2020, at 3:54PM, plaintiffs filed their amended complaint switching to a class of "Missouri citizens." At that time Purina had not filed any responsive pleadings or motions, nor had Purina's attorneys entered an appearance. At 4:29PM, that same day, Purina filed its Notice of Removal with a certificate of electronic service to plaintiffs' attorneys. Purina says it was never served with the amended complaint, but instead received "a courtesy copy of [the amended complaint]" only "after Purina had filed its removal petition."

There is no question that Purina filed the amended petition before the notice of removal. In a similar case, *Anthony v. Runyon*, 76 F.3d 210 (8th Cir. 1996), the plaintiffs filed their amended complaint in state court after the defendant filed a notice of removal in federal court but before the defendant filed a copy of the notice with the state court. *Id*. at 214. The Eighth Circuit held that "Because the [plaintiffs] filed their amended complaint the day before the notice of removal was filed [in state court]. . .the district court was bound to consider it." *Id.* at 213. The Court explained that the "only rule that logically follows from 28 U.S.C. § 1446(d)—the general removal statute—is

3

that removal is effected when the notice of removal is filed with the state court and at no other time." *Id*. at 214. Numerous cases come to the same conclusion. *See, e.g.*, *Hampton v. Union Pac. Railroad Co.*, 81 F. Supp. 2d 703, 706-07 (E.D. Tex. 1999); *Jones v. Cargill Nutrena Feed Division*, 665 F. Supp. 907, 908-09 (S.D. Ala. 1987); *Willich v. Wells Fargo Bank, N.A.*, 3:12-CV-544-J-32JBT, 2012 WL 13098510, at *4 (M.D. Fla. Aug. 13, 2012); *Luri v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 1:09-CV-1664, 2010 WL 1254282, at *3 (N.D. Ohio Mar. 24, 2010); *Thomas v. State of North Carolina*, No. 1:10CV226, 2010 WL 2176075, at *4 (M.D.N.C. May 21, 2010); *Burleigh v. Baldacci*, No. Civ. 05-130-B-C, 2006 WL 288414, at *1 n.2 (D. Me. Feb. 7, 2006); *Coding Prods., Inc. v. Homco Internat'l, Inc.*, No. 4:94-CV-143, 1995 WL 423853, at *1-2 (W.D. Mich. Dec. 2, 1994).

This case appears to be no different than *Anthony*. Plaintiffs filed their amended petition before the notice of removal was filed in state court. Hence the amended petition controls. Although the Eighth Circuit did not require service of the amended petition, as opposed to the mere filing of the amended petition, conceivably the issue was not raised. To be sure, from the perspective of state law, Missouri Supreme Court Rule 43.01 requires that "[e]very pleading subsequent to the original petition" be served on the opposing party. Mo.S.Ct. R. 43.01(a)(1). And from the perspective of federal law, a removing defendant is required to establish the propriety of removal through "a short and plain statement" as supported by "a copy of all process, pleadings, and orders served upon such defendant." 28 U.S. C. § 1446(a).

4

On the other hand, it is unclear why plaintiffs must go to the time and expense of enlisting a process server to re-serve defendant with the amended petition, at least in the context of removal.  The removal statute does not address "process, pleadings and orders" filed but not yet served.  Furthermore, assuming service is required, service arguably was accomplished by the defendant's counsel's entry of appearance in the state court case simultaneously with counsel's filing of the notice of removal.  By counsel entering appearance, in other words, counsel—and the client—is charged with notice of everything on record in the state court file, and service has thus been effected in that way.  This is because "An entry of appearance serves the same purpose as if a summons had been served." *Stockstrom v. Jacob,* 775 S.W. 2d 300, 302 (Mo. App. 1989) (citing *Commerce Trust Company v. Morgan*, 466 S.W. 2d 492 (Mo. App. 1969)).  These considerations are problematic, of course, and the parties have not briefed them.  In any event, this Court is satisfied to follow the precedent in *Anthony.*

Defendant does not dispute that remand is appropriate if the amended petition is the operative pleading.  The class then includes Missouri citizens, not Missouri residents, and CAFA would not apply.  Accordingly, the case will be **REMANDED** to state court.

So ordered this 26th day of June, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE